**UNITED STATES COURT OF APPEALS**

**Filed 4/19/96**

---

BEN NWOSUN,

      Plaintiff - Appellant,

v.

GENERAL MILLS RESTAURANTS,
INC.,

      Defendant - Appellee.

No. 95-6375
(D.C. No. CIV-95-912-T)
(W. District of Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **McKAY** and **LUCERO**, Circuit Judges.

---

Pro se plaintiff, Ben Nwosun, appeals from summary judgment granted defendant

on his Title VII claim. 42 U.S.C. §§ 2000e to 2000e-17. In his complaint, Nwosun

alleged that General Mills discriminated against him because of his race, citing a number

of incidents of unfair behavior, culminating in his January 4, 1993 discharge from the Red

Lobster restaurant at which he worked as a laborer. Nwosun filed a charge with the Equal

Employment Opportunity Commission on November 22, 1994. The EEOC issued

Nwosun a Right to Sue letter on May 2, 1995, and Nwosun filed a complaint in the

---

[*]The case is unanimously ordered submitted without oral argument pursuant to the applicable rules. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court for the Western District of Oklahoma the following month.

The district court granted defendant summary judgment because it was undisputed that Nwosun brought his claim more than 300 days after his discharge. An aggrieved person must file a charge with the EEOC within 300 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). The court also determined that Nwosun's claim was not saved by the "continuing violation doctrine" because he alleged no discriminatory act occurring within 300 days of the date he filed his charge with the EEOC. See Mascheroni v. Board of Regents, 28 F.3d 1554, 1561 (10th Cir. 1994) (to establish continuing violation doctrine plaintiff must allege a series of discriminatory acts, at least one of which falls within the limitations period). The only event Nwosun pointed to in support of a claim of a continuing violation was that defendant took his deposition in connection with another employee's workers' compensation claim. While it is unclear from the record whether this event took place within 300 days of filing his charge, there is absolutely no indication that the deposition constituted a discriminatory act. The district court correctly granted summary judgment.

On appeal, Nwosun also alleges that his attorney violated his Sixth Amendment rights by negligently or intentionally failing to file the Title VII claim within time, and that a conspiracy exists between his attorney and others to deny him his constitutional rights, in violation of 42 U.S.C. § 1983. We generally do not address claims brought for the first time on appeal, Walker v. Mathers (In re Walker), 959 F.2d 894, 896 (10th Cir.

1992), and, in any event, neither of these claims involves defendant.

The judgment of the district court is **AFFIRMED**.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge